JENNER & BLOCK LLP
David R. Singer (SBN 204699)
AnnaMarie A. Van Hoesen (SBN 282074)
Camila A. Connolly (SBN 323996)
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:(213) 239-5100
Facsimile: (213) 239-5199
Email:   dsinger@jenner.com
         avanhoesen@jenner.com
         cconnolly@jenner.com

Attorneys for Defendants
BERTRAM SIEGEL, CAROLE SIEGEL,
DAVID SIEGEL, TWO SIGMA INVESTMENTS, LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS SILVER (pro se) and posthumously on behalf of FRANCINE SILVER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BERTRAM SIEGEL, CAROLE SIEGEL, DAVID SIEGEL, TWO SIGMA INVESTMENTS, LP,<br><br>　　　　　　Defendants. | Case No.   2:19-cv-05838<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Declarations of AnnaMarie A. Van Hoesen, Esq. and Matthew B. Siano, Esq. and State Court Record filed concurrently herewith]<br><br>**Jury Trial Demanded** |

# NOTICE OF REMOVAL

**TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendants Bertram Siegel, Carole Siegel, David Siegel, and Two Sigma Investments, LP ("Two Sigma")[1] (collectively "Defendants"), by their undersigned counsel, hereby give notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the Central District of California ("Notice of Removal"). This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As grounds for removal, Defendants state as follows:

## I. BACKGROUND

1. On May 22, 2019, Plaintiff Marcus Silver ("Plaintiff") filed a Complaint alleging various forms of negligence, infliction of emotional distress, and fraud against Defendants in the Superior Court of the State of California, County of Los Angeles, captioned *Marcus Silver v. Bertram Siegel, et al.*, Case No. 19STCV17949 (the "State Court Action"). Plaintiff, proceeding *pro se*, purports to sue on behalf of himself and posthumously on behalf of decedent Francine Silver, as the alleged executor of her estate.

2. Attached hereto as Exhibit A is a copy of the Complaint filed in the State Court Action. Attached hereto as Exhibit B is a copy of the docket from the State Court Action.

3. Defendants deny any liability whatsoever under any theory and in any amount. Solely for purposes of this Notice of Removal, Defendants rely on Plaintiff's allegations, as set forth in the Complaint, as well as the attached declarations, to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

---

[1] Two Sigma was erroneously sued as "Two Sigma Investments LLP." That error has been corrected in the caption page for this Notice of Removal.

## II. REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

4. Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within 30 days after the receipt by the defendant" of a validly served summons or complaint. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (formal service is required to start the removal clock).

5. On May 22, 2019, Plaintiff caused to be mailed to all Defendants (i) a copy of the Complaint and (ii) a proof of service of summons form. *See* Declaration of AnnaMarie A. Van Hoesen ("Van Hoesen Decl."), ¶ 3. Plaintiff did not include, however, any summonses with these mailings. *Id.* Accordingly, Plaintiff failed to effectuate proper service. *See Ruttenberg v. Ruttenberg*, 62 Cal. Rptr. 2d 78, 82 (1997) ("A party cannot be properly joined unless served with the summons and complaint.").

6. On May 30, 2019, Plaintiff caused to be mailed to all Defendants (i) a copy of the Complaint; (ii) summonses dated May 30, 2019; (iii) proof of service of summons forms; and (iv) acknowledgment of service forms. Van Hoesen Decl., ¶ 4.

7. For purposes of this Notice of Removal, Defendants assume the May 30, 2019 mailings constituted valid service of the summons. Pursuant to Section 415.40 of the California Code of Civil Procedure, service on each Defendant would be deemed complete on the 10th day after such mailing, on June 9, 2019. Cal. Civ. Proc. Code § 415.40 (service of a summons by mail "is deemed complete on the 10th day after such mailing").

8. This Notice of Removal is filed within 30 days, as computed under Rule 6(a) of the Federal Rules of Civil Procedure, of June 9, 2019. *See SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (notice of removal filed within 30 days after service was complete in accordance with Cal. Civ. Proc. Code § 415.40 was timely under 28 U.S.C. § 1446(b)).

9. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

**III.   THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)**

10.   This Court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a).

**A.   The Amount in Controversy Exceeds $75,000**

11.   In the Complaint, Plaintiff seeks "to recover $10,000,000.00 in damages for the torts of Negligence, Gross Negligence, Negligent Infliction of Serious Emotional Distress, Intentional Infliction of Serious Emotional Distress, Fraud by Omission, Fraud by Misrepresentation and Conspiracy to Defraud." Ex. A at 2.  It is clear from the face of the Complaint that the amount in controversy exceeds $75,000.[2]  *See* 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").  Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied under 28 U.S.C. § 1332(a).

**B.   There Is Complete Diversity of Citizenship**

12.   <u>Plaintiff Marcus Silver is a citizen of California.</u>  Marcus Silver is domiciled in California and lists a California address for himself in the Complaint.  Ex. A at Caption Page.

13.   <u>Plaintiff Marcus Silver purports to sue posthumously on behalf of Francine Silver, who was also a citizen of California.</u>  Plaintiff alleges that decedent Francine Silver was domiciled in California at the time of her death.  Ex. A at 3, 8, 17-19 (describing Francine Silver's California activities and Defendants' visits to California to see Francine Silver); Ex. A at Attachment 1 (showing a California address for Francine);

---

[2] In alleging the amount in controversy for purposes of removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, that Plaintiff is entitled to any amount alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

Ex. A at Attachment 2, 1 (noting that Defendant David Siegel would soon be visiting Francine Silver in California).

14. <u>Defendants Bertram Siegel and Carole Siegel are citizens of New York</u>. Bertram Siegel and Carole Siegel reside in Mamaroneck, New York, and are domiciled in New York. *See* Ex. A at Caption Page.

15. <u>Defendant David Siegel is a citizen of New York</u>. David Siegel resides in Scarsdale, New York, and is domiciled in New York. *See* Ex. A at Caption Page.

16. <u>Defendant Two Sigma is not a citizen of California</u>. Two Sigma is a limited partnership organized under the laws of Delaware and has its principal place of business in New York. *See* Ex. A at Caption Page; *see also* Declaration of Matthew B. Siano, Esq. ("Siano Decl."), ¶ 5. For the purpose of diversity jurisdiction, Two Sigma has the citizenship of each of its partners. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Two Sigma has eight limited partners, who are citizens of Florida, New Jersey, and New York. Siano Decl., ¶¶ 5-6. Two Sigma has one general partner, which is not a citizen of California. *Id.* at ¶ 7. Because none of Two Sigma's partners are citizens of California, Two Sigma is not a citizen of California. *See id*. at ¶¶ 5-7.

17. In sum, Plaintiff Marcus Silver is a citizen of California, and he purports to sue posthumously on behalf of decedent Francine Silver, who was also a citizen of California. Defendants Bertram Siegel, Carole Siegel, and David Siegel are citizens of New York, and Defendant Two Sigma is not a citizen of California. Accordingly, all plaintiffs are "citizens of different States" from all defendants, and there is complete diversity of citizenship under 28 U.S.C. § 1332(a).

/ / /

/ / /

/ / /

## IV. DEFENDANTS SATISFY THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C. § 1446(a)

### A. Venue is Proper

18. This action is properly removed to this Court because the Superior Court of California, County of Los Angeles, is located within the Central District of California. *See* 28 U.S.C. §§ 84(c), 1446(a).

### B. The State Court File is Attached Hereto

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents served upon Defendants in the State Court Action are attached hereto as follows:

- Exhibit A: Complaint;
- Exhibit B: Docket;
- Exhibit C: Civil Case Cover Sheet;
- Exhibit D: Notice of Case Assignment – Unlimited Civil Case;
- Exhibit E: Order to Show Cause for Failure to File Proof of Service;
- Exhibit F: Notice of Case Management Conference;
- Exhibit G: Notices and Acknowledgements of Receipt (combined); and
- Exhibit H: Proofs of Service by Mail (combined).

To Defendants' knowledge, no other documents or pleadings were filed in the State Court Action.

### C. Written Notice of Removal

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, who is proceeding *pro se*. A copy of this Notice of Removal also is being filed with the Clerk of the Superior Court of California, County of Los Angeles.

### D. Consent of All Defendants

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served

must join in or consent to the removal of the action." All Defendants join in and consent to this removal. Van Hoesen Decl., ¶ 5.

## V. CONCLUSION

22. Defendants reserve the right to amend or supplement this Notice of Removal.

23. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and request oral argument in support of removal.

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles to this Court.

Dated: July 8, 2019

JENNER & BLOCK LLP

By: */s/ David R. Singer*
David R. Singer
AnnaMarie A. Van Hoesen
Camila A. Connolly

Attorneys for Defendants
BERTRAM SIEGEL, CAROLE SIEGEL, DAVID SIEGEL, TWO SIGMA INVESTMENTS, LP.