# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5838 PA (PLAx) | Date | July 9, 2019 |
|---|---|---|---|
| Title | Marcus Silver v. Bertram Siegel, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**       IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendants Bertram Siegel, Carole Siegel, David Siegel, and Two Sigma Investments, LP ("Two Sigma") (all collectively, "Defendants"). (Docket No. 1.) Defendants assert that this Court has jurisdiction over the action brought against them by plaintiff Marcus Silver ("Plaintiff") based on the Court's diversity jurisdiction. (Id. ¶¶ 10-17.) See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of a partnership is the citizenship of its partners, and the citizenship of an LLC is the citizenship of its members. See Grugpo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (noting the "accepted rule that . . . a partnership . . . is a citizen of each State or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5838 PA (PLAx) | Date | July 9, 2019 |
|---|---|---|---|
| Title | Marcus Silver v. Bertram Siegel, et al. | | |

foreign country of which any of its partners is a citizen" (citing Carden v. Arkoma Assocs., 494 U.S. 185, 192-95, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990))); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

The Notice of Removal alleges:

> Two Sigma is a limited partnership organized under the laws of Delaware and has its principal place of business in New York. See Ex. A at Caption Page; see also Declaration of Matthew B. Siano, Esq. ("Siano Decl."), ¶ 5. For the purpose of diversity jurisdiction, Two Sigma has the citizenship of each of its partners. See Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016). Two Sigma has eight limited partners, who are citizens of Florida, New Jersey, and New York. Siano Decl., ¶¶ 5-6. Two Sigma has one general partner, which is not a citizen of California. Id. at ¶ 7. Because none of Two Sigma's partners are citizens of California, Two Sigma is not a citizen of California. See id. at ¶¶ 5-7.

(Notice of Removal ¶ 16.) As Defendants acknowledge, as a partnership, Two Sigma has the citizenship of each of its partners. One of those partners is Two Sigma Management, LLC, but Defendants have not alleged the citizenship of each of that entity's members. Defendants' mere assertion that Two Sigma Management, LLC is not a citizen of California (id.; see Siano Decl. ¶ 7, Docket No. 1-10) is not sufficient to establish diversity of citizenship among the parties. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F. App'x 62, 64 (9th Cir. 2011) (assertion that unincorporated entities were not citizens of Oregon insufficient to establish diversity jurisdiction where the defendants "[did] not identify of what state they are a citizen nor whether they are composed of another layer of partnerships").

Moreover, Defendants simply state that Two Sigma's limited partners are citizens of Florida, New Jersey, and New York, but Defendants do not allege whether the limited partners are individuals or entities. (Notice of Removal ¶ 16; Siano Decl. ¶¶ 5-6.) Defendants' conclusory allegations of those partners' states of citizenship also are insufficient. See Lindley Contours, 414 F. App'x at 64; see also, e.g., Moss v. Infinity Ins. Co., No. 15-cv-03456-JSC, 2015 WL 6095254, at *5 (N.D. Cal. Oct. 16, 2015) ("Conclusory allegations of corporate citizenship are not enough; [the proponent of jurisdiction] must allege facts that permit the Court to assess the corporation's state of incorporation and principal place of business. . . . If [a party] is a corporation . . . [the proponent] must affirmatively allege the state of incorporation and principal place of business. If not, [the proponent] must allege the citizenship of [its] members in order to establish citizenship.").

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5838 PA (PLAx) | Date | July 9, 2019 |
|---|---|---|---|
| Title | Marcus Silver v. Bertram Siegel, et al. | | |

Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). Defendants have failed to establish Two Sigma's citizenship and therefore have not established that this Court has diversity jurisdiction over this action.

      For the foregoing reasons, Defendants have failed to satisfy their burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 19STCV17949, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.